WILLIAM R. TAMAYO – #084965 (CA)
JONATHAN T. PECK— #12303 (VA)
DAVID F. OFFEN-BROWN – #63321 (CA)
SIRITHON THANASOMBAT—#270201 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105-1260
Telephone:    (415) 625-5671
Facsimile:    (415) 625-5657

Attorneys for Plaintiff
U.S. Equal Employment Opportunity Commission

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**SUTTER TRANSFER SERVICE, INC.,**<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>Civil Rights - Employment Discrimination<br><br>DEMAND FOR JURY TRIAL |

## NATURE OF THE ACTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Charging Party Lonnie Winstead and similarly situated employees, who were adversely affected by such practices. Defendant Sutter Transfer Service, Inc. (STS) subjected the above Charging Party and similarly situated employees to unlawful discrimination based on race.

//

//

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) (Title VII) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged herein were committed in the State of California, in the City of Yuba City, Sutter County, within the jurisdiction of the United States District Court for the Eastern District of California. Venue is therefore proper in the United States District Court for the Eastern District of California.

## INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the Sacramento Division of this Court as the alleged unlawful practices were committed in Sutter County, which is within the jurisdiction of the Sacramento Division.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, §2000e-5(f)(1) and (3).

5. Defendant Sutter Transfer Service, Inc. is a California corporation, doing business in the State of California, in the City of Yuba City, Sutter County, and has continuously had at least 15 employees.

6. At all relevant times, Defendant STS has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

//
//

## STATEMENT OF CLAIMS

## FIRST CLAIM FOR RELIEF

### Violation of Title VII: Race Discrimination

7. More than thirty days prior to the institution of this lawsuit, Charging Party Lonnie Winstead filed a charge with Plaintiff Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least June 2008, Defendant STS engaged in unlawful employment practices based on race in violation of Section 703(a) (1) of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting Charging Party Winstead, who is African American, and other employees to unlawful discrimination based on race, including but not limited to near-daily racial slurs, offensive racially charged comments, and regular harassment. This race discrimination against employees of Defendant STS was committed by Defendant's only dispatcher.

9. Plaintiff alleges that Defendant's dispatcher's unlawful discrimination against Charging Party Winstead and similarly situated employees included, but is not limited to, subjecting them to racial harassment by regularly referring to Charging Party Winstead to other non-African American drivers as "coon," "porch monkey," "gorilla," and the "n-" word. Plaintiff also alleges that Defendant's dispatcher subjected the Charging Party and similarly situated employees to other racial invectives, such as "wetback," "ragheads," and "sand n-" word, multiple times a day over a few months.

10. Plaintiff also alleges that Defendant's human resource manager was present when these racial slurs were made by Defendant's dispatcher.

11. Plaintiff alleges that Charging Party Winstead and a similarly situated employee complained numerous times to Defendant's dispatcher, manager, and owner, but Defendant failed to take prompt remedial action, and the racial harassment was allowed to continue.

12. The effect of the practices complained of in Paragraphs 8, 9, 10, and 11 above has been to deprive Charging Party Winstead and other similarly situated employees of equal employment opportunities and otherwise adversely affect their status as employees because of race.

13. The unlawful employment practices complained of in Paragraphs 8, 9, 10, and 11 above were intentional.

14. The unlawful employment practices complained of in Paragraphs 8, 9, 10, and 11 above were done with malice or with reckless indifference to the federally protected rights of Charging Party Winstead and other similarly situated employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant STS, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination against their employees including harassment based on race.

B. Order Defendant STS to institute and carry out policies, practices, and programs which prohibit discrimination based on race, and which eradicate the effects of its unlawful employment practices.

C. Order Defendant STS to make whole the Charging Party and other similarly situated employees harmed by providing appropriate back pay and benefits with prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices to be determined at trial.

D. Order Defendant STS to make whole the Charging Party and other similarly situated employees harmed by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to such out-of-pocket expenses as medical care and relocation costs necessitated by Defendant's unlawful conduct, in amounts to be determined at trial.

E. Order Defendant STS to make whole the Charging Party and other similarly situated employees harmed by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant STS to pay the Charging Party and other similarly situated employees harmed by providing punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court may deem just and proper in the public interest.

H. Award the Commission its costs of this action.

## DEMAND FOR JURY TRIAL

The Commission demands a jury trial on all questions of fact raised by its complaint.

Dated: September 29, 2011

          __/S/ WILLIAM R. TAMAYO___
          WILLIAM R. TAMAYO
          Regional Attorney

          ___/S/_ DAVID F. OFFEN-BROWN____
          DAVID F. OFFEN-BROWN
          Supervisory Trial Attorney

          ___/S/_SIRITHON THANASOMBAT____
          SIRITHON THANASOMBAT
          Trial Attorney

          **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
          San Francisco District Office