WILLIAM R. TAMAYO, SBN 084965 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
SIRITHON THANASOMBAT, SBN 270201 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5671
Fax No. (415) 625-5657

Attorneys for Plaintiff EEOC

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CASE NO: 2-11-CV-02569-LKK-JFM |
| Plaintiff, | CONSENT DECREE |
| v. | |
| SUTTER TRANSFER SERVICE, INC. and FIVEWAY, LLC, | |
| Defendants. | |

Plaintiff U.S. Equal Employment Opportunity Commission (hereinafter "Commission" or "EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of race (African American) and to make whole Charging Party Lonnie Winstead and Claimant Jamie Jenkins who alleged unlawful employment practices. Plaintiff EEOC alleged that Defendants Sutter Transfer Service, Inc. (hereinafter "STS") and Fiveway, LLC (hereinafter "Fiveway") unlawfully subjected Mr. Winstead and Mr. Jenkins to a hostile work environment. Defendants specifically deny the allegations of Mr. Winstead and Mr. Jenkins.

In the interest of resolving the lawsuit and as a result of having engaged in comprehensive settlement negotiations, the Commission, STS, and Fiveway (hereinafter referred to as "the Parties") have agreed that the lawsuit should be finally resolved by entry of this Consent Decree. This Consent Decree shall not constitute an adjudication and/or a finding on the merits of the lawsuit, and it cannot be used in any other proceeding as proof that Defendant engaged in prior discrimination. The parties have entered into this Decree in order to end this litigation and this Decree shall not be construed or otherwise used as an admission of wrong doing.

This Consent Decree only resolves all claims arising out of EEOC Charge No. 37A-2009-09382 and the First Amended Complaint filed in the lawsuit, and constitutes a complete resolution of all claims of race discrimination under Title VII that were made or could have been made by the Commission in this lawsuit.

This Consent Decree comprises the full and exclusive agreement of the Parties with respect to the matters discussed herein.

No waiver, modification, or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the Parties to this Decree, and any substantive change, modification, or amendment of any provision of this Consent Decree shall also require approval by the Court.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and now approves this Consent Decree. THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

I. GENERAL PROVISIONS

    A.    This Court has jurisdiction over the subject matter and the Parties to this lawsuit. This Court will retain jurisdiction over this Decree for all purposes until the expiration of Defendants' obligations as set forth herein.

    B.    This Consent Decree is final and binding upon the Parties, their successors, and assigns.

    C.    Each party will bear its own costs and attorneys' fees.

    D.    This Consent Decree shall be considered a settlement of all claims which were, or

could have been, asserted by the EEOC in this lawsuit.  Upon satisfaction of the terms set forth in this Consent Decree, the EEOC releases and discharges all rights and claims, known and unknown, which it had, or may have against Defendants, and all of their employees, agents, related corporations, subsidiaries, assigns or successors, that arise from or are related to EEOC Charge No. 37A-2009-09382.

II. GENERAL INJUNCTIVE RELIEF:  NON-DISCRIMINATION AND NON-RETALIATION

  A. Consistent with Sections 703 of Title VII, 42 U.S.C. §2000e-2, STS and Fiveway, and their officers, agents, managers (including supervisory employees), successors, and assigns, are enjoined from engaging in any employment practice which discriminates on the basis of race.

  B. Consistent with Sections 704 of Title VII, 42 U.S.C. §2000e-3(a), STS and Fiveway, and their officers, agents, managers (including supervisory employees), successors, and assigns, are enjoined from engaging in retaliatory conduct.

III. MONETARY RELIEF

  A. In settlement of the EEOC's claims of employment discrimination alleged in the Complaint, Defendants STS and Fiveway shall pay monetary relief to Mr. Lonnie Winstead and Mr. Jamie Jenkins in the gross amount of $30,000 (thirty thousand dollars) ("Settlement Sum").  The Settlement Sum represents compensation for emotional distress, pain, and suffering.

  B. The Settlement Sum shall be paid as follows:

    1. No later than December 1, 2012, Defendants STS and Fiveway shall pay Mr. Winstead the first installment of $5,000 (five thousand dollars) and Mr. Jenkins the first installment of $5,000 (five thousand dollars).

    2. Beginning on January 1, 2013, and continuing on the first (1st) day of every month for a period of twenty (20) months, Defendants STS and Fiveway shall issue a payment in the amount of $750 to Mr. Winstead and a payment in the amount of $250 to Mr. Jenkins until the remaining $20,000 balance of the Settlement Sum has been paid in full.  The installment check and every check

thereafter shall be mailed to Mr. Winstead and Mr. Jenkins at addresses provided by the EEOC. In the discretion of Defendants, payments may be made earlier. Mr. Winstead and Mr. Jenkins shall not be entitled to their individual installment payments until Defendants have received a signed copy of their individual Release Agreement; however, one individual's failure to sign and return the Release Agreement shall not affect the other individual's entitlement to his settlement payment.

C. In the event of default by non-payment of any installment when due, with five (5)-day grace thereunder and notice as set forth in Paragraph V.A., the EEOC shall have the right to declare all the remaining installments, and each of the same, immediately due and payable, declare the total sum due, and proceed to enforce any and all rights and remedies under this Consent Decree.

D. Defendants STS and Fiveway shall pay the settlement amounts to Mr. Winstead and Mr. Jenkins by check, cashier's check, or money order, in accordance with Paragraph III. B. of this Decree. In 2012, 2013, and 2014, Defendants shall issue a United States Internal Revenue Service Form 1099 to Mr. Winstead and Mr. Jenkins for payments made in the calendar year. Each amount paid as part of the Settlement Sum shall be designated by Defendants STS and Fiveway as "other income" on IRS Form 1099. Defendants STS and Fiveway shall mail photocopies of each installment check, the IRS forms, and related correspondence to EEOC's counsel of record, Sirithon Thanasombat, Trial Attorney for the U.S. Equal Employment Opportunity Commission, at 350 The Embarcadero, Suite 500, San Francisco, CA 94105 simultaneously with the mailing of the installment checks to Messrs. Winstead and Jenkins.

IV. SPECIFIC INJUNCTIVE RELIEF

The following injunctive relief shall occur during the term of this Consent Decree,

A. EEO and Harassment Policies

1. STS and Fiveway shall revise, to the extent necessary, their EEO and harassment policies, within sixty (60) days of entry of the Consent Decree by the Court, such that the

policies:

(i) Provide a Complaint Procedure as described below in Paragraph IV. B;

(ii) Include a clear explanation, with definitions and examples, of prohibited conduct with specific reference to harassment based on race;

(iii) Include assurance that employees who make complaints of harassment or provide information related to such complaints will be protected against retaliation;

(iv) Provide a clearly described complaint process that provides accessible avenues of complaint;

(v) Include a complaint process that provides a prompt, thorough, and impartial investigation; and

(vi) Provide assurance that the employer will take immediate and appropriate corrective action when it determines that harassment has occurred.

2. STS and Fiveway shall submit a copy of the revised EEO and harassment policies to EEOC thirty (30) days before their adoption.

3. STS and Fiveway shall effectively disseminate these revised policies and procedures by:

(i) Distributing the policies and procedures within sixty (60) days of their adoption to all current employees then assigned and working for STS and Fiveway;

(ii) Distributing the policies and procedures to all new employees of STS and Fiveway upon the employees' hire.

B. <u>Complaint Procedure</u>

1. STS and Fiveway shall develop a complaint procedure designed to encourage employees to come forward with complaints about violations of their harassment policies ("Complaint Procedure"). As part of their EEO and harassment policies described above in Paragraph IV.A., STS and Fiveway shall provide their employees with convenient, confidential, and reliable mechanisms for reporting incidents of harassment that:

{01067742.DOCX} **Consent Decree**
**2:11-CV-02569-LKK-JFM**                              5.

        (i) Designate a specific person to whom complaints should be made along with a phone number;

        (ii) Provide that complaints of harassment will be accepted irrespective of whether they are made verbally or in writing;

        (iii) Include assurance that the employer will protect the confidentiality of harassment complaints to the extent possible;

        (iv) Provide a reasonable timetable for commencing an investigation after a complaint is made or received; and

        (v) Provide that the investigating party advise the complainant of the conclusion reached as a result of the investigation, including whether or not any disciplinary action was taken.

    2.    STS and Fiveway will submit a copy of the Complaint Procedures to the EEOC thirty (30) days before conducting the training as required below in Paragraph IV.D.

    3.    Said Complaint Procedures shall be continuously posted in a prominent place at all STS and Fiveway locations.

    C.    <u>Posting</u>

Within five (5) days of the Consent Decree being filed with the court, an agreed upon Notice of Settlement (stating that the case is resolved and the amount of the settlement) shall be, and remain, posted in a clearly visible location frequented by employees at STS and Fiveway offices during the entire term of this Consent Decree.

    D.    <u>Training of Employees</u>

    1.    Within one hundred (100) days of the Consent Decree being filed with the court, STS and Fiveway shall develop a live anti-harassment training program and utilize this anti-harassment training program to train annually and in-person their current non-supervisory/ non-managerial employees.  The first training shall occur no later than March 1, 2013, and subsequent trainings shall occur every year after the first training during the pendency of the Consent Decree.  Consisting of at least two hours of instruction, each training shall be developed consistent with the

terms described in Paragraph IV.E.  The purpose of said training is and shall continue to be to give participants an understanding of the prohibitions against discrimination in employment, particularly racial discrimination, including, but not limited to: what constitutes racial discrimination, including harassment; state and federal laws prohibiting discrimination in the workplace; the employees' obligation to report racial discrimination and harassment; the employer's obligation to take preventive, investigative, and remedial action with respect to harassment complaints; and a review of company policies (including discipline policies) and practices related to racial harassment.

2.  No later than March 1, 2013, all of Defendants' management or supervisory officials and Human Resources staff members shall attend annually a live EEO and anti-harassment training.  Subsequent trainings shall occur every year after the first training throughout the pendency of the Consent Decree.  Consisting of at least two hours of instruction, each training shall be developed consistent with the terms described in Paragraph IV.E.  The purpose of said training shall be to give participants an understanding of the prohibitions against discrimination in employment, particularly racial discrimination, including but not limited to: what constitutes racial discrimination, including harassment; state and federal laws prohibiting discrimination in the workplace; the employees' obligation to report racial discrimination and harassment; the employer's obligation to take preventive, investigative, and remedial action with respect to harassment complaints; and a review of company policies (including discipline policies) and practices related to racial harassment.

(i) As part of the training, STS and Fiveway shall inform their managers and supervisors that, in accordance with their anti-harassment policy, STS and Fiveway will impose appropriate discipline up to and including termination, suspension without pay, or demotion, upon any supervisor or manager who engages in racial harassment or knowingly permits any such conduct to occur in his or her work area or among employees under his or her supervision.

(ii) As part of the training, STS and Fiveway also shall inform their managers and supervisors that, in accordance with their anti-harassment policy, managers and supervisors have a duty to actively monitor their work areas to ensure employee compliance with Defendants' anti-harassment policy, and to report any incidents and/or complaints of harassment of which they become aware to the individuals charged with handling such complaints.

3.  The trainings for non-supervisory/ non-managerial employees and

management or supervisory officials and Human Resources staff members can be conducted at the same time as long as the terms provided in Paragraphs IV.D.1. and IV.D.2.—including, but not limited to, terms related to the content and minimum duration of each training—are satisfied.

E.  Training Logistics

With respect to the training required by Paragraph IV.D., above, STS and Fiveway agree to provide a description of each training program to counsel for the Commission no later than twenty (20) days before the training programs are scheduled to be held. If the Commission has not objected to the description of the training program within ten (10) days of being given notice, such non-response shall be deemed an acknowledgment that the Commission does not object to the form, nature, and content of the training. The Commission agrees to act in good faith in its review of Defendants' training programs.

F.  Acknowledgment of Training Attendance

All persons attending mandatory anti-harassment or EEO training pursuant to this Consent Decree shall acknowledge their attendance at the training by completing an attendance roster which will include their hard-copy or electronic signature, the date, and their position/ title. STS and Fiveway shall retain these attendance rosters during the pendency of the Consent Decree.

G.  Reporting

1.  Training Report:

Within thirty (30) days of completion of the annual training programs required by this Consent Decree and described in Paragraph IV.D., STS and Fiveway shall send verification regarding the completion of the EEO or anti-harassment training for their managerial and non-managerial employees, along with the attendance rosters signed and dated by employees, to the Commission c/o Sirithon Thanasombat, Trial Attorney for the U.S, EEOC, at 350 The Embarcadero, Suite 500, San Francisco, CA 94105.

2.  Racial Harassment Complaint Reports:

During the pendency of the Consent Decree, STS and Fiveway will complete an annual report of all complaints of harassment made during the previous year to their management or supervisory officials or to Human Resources staff members. The report will contain the

complainant's name, the employer's name, the nature of the complaint, and a description of its resolution. On January 4, 2013, and on January 4, 2014, the report shall be mailed to counsel for the Commission: Sirithon Thanasombat, Trial Attorney for the U.S. EEOC, at 350 The Embarcadero, Suite 500, San Francisco, CA 94105.

    H.    <u>Expunction of Records and Disclosure of Information Regarding Mr. Winstead's and Mr. Jenkins' Employment</u>

        1.    STS and Fiveway shall expunge from the personnel files of Mr. Winstead and Mr. Jenkins any references to a charge of discrimination against Defendants and to this lawsuit.

        2.    From the date of entry of this Consent Decree, STS and Fiveway are enjoined from disclosing in response to inquiries from potential employers any information regarding any charge of discrimination by Mr. Winstead or Mr. Jenkins, this lawsuit, and Mr. Winstead's and Mr. Jenkins' employment with Defendants, except as follows:

        (i) In response to a specific inquiry, STS and Fiveway may disclose the dates of employment, position held, and final rate of pay for Mr. Winstead and Mr. Jenkins;

        (ii) STS and Fiveway may report any information as required by law to state or federal authorities; and

        (iii) STS and Fiveway may disclose information as required by Court order.

        3.    Within thirty (30) days from the date of entry of this Consent Decree, STS and Fiveway shall provide Mr. Lonnie Winstead and Mr. Jamie Jenkins with a letter stating their dates of employment and the positions held. The original letters shall be sent to counsel for the Commission: Sirithon Thanasombat, Trial Attorney, EEOC San Francisco District Office, 350 The Embarcadero, Suite 500, San Francisco, CA 94105. The EEOC will distribute these letters to Mr. Winstead and Mr. Jenkins.

V.    <u>TERMINATIONOF CONSENT DECREE</u>

    A.    This Consent Decree shall terminate two (2) years from the date of entry by the Court, unless the Commission petitions this Court for an extension of the Decree because of noncompliance by STS or Fiveway. If the Commission determines that STS or Fiveway has not complied with the Consent Decree, the Commission will provide written notification of the alleged

breach to Defendants and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the Commission petitions the Court and the Court finds STS or Fiveway to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree.

B. Except as provided in the preceding paragraph, two (2) years after the entry of this Consent Decree, this lawsuit will be dismissed with prejudice, provided that STS and Fiveway have complied substantially with the terms of this Consent Decree. STS and Fiveway will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that Defendants have failed to comply with any of the terms of this Decree. If either Mr. Winstead or Mr. Jenkins does not sign the Release Agreement referenced in Paragraph III.B.2, but every other condition described in the Consent Decree has been met, the EEOC agrees to dismiss the lawsuit.

This Consent Decree will automatically expire without further Court Order. No further action, other than requesting the court enter dismissal with notice to all parties, shall be required to obtain an order from the court to dismiss the action.

DATED: _____November 1_, 2012

    __/s/ William R. Tamayo_____
    William R. Tamayo
    Regional Attorney

    Marcia Mitchell
    Supervisory Trial Attorney

    Sirithon Thanasombat
    Trial Attorney

    On Behalf of Plaintiff
    U.S. EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION

DATED: ___November 2__, 2012

    _/s/ Carl Fessenden (as authorized on 11/2/12)_
    Carl Fessenden
    Derek Haynes

| | |
|---|---|
|1| PORTER SCOTT |
| | A Professional Corporation |
|2| |
|3| On Behalf of Defendants |
| | SUTTER TRANSFER SERVICE, INC. and |
|4| FIVEWAY, LLC |

**IT IS SO ORDERED:**

Dated: November 27, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT